[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO DISMISS DEFENDANT'SCOUNTERCLAIM
The present action arises out of a dispute over funds held by one of the defendants, Stephen Donahue, an attorney. The plaintiff, Dr. Charles Gianetti alleges in his complaint that he rendered medical services to the minor child of the other named defendants, Dennis and Joan McKeon. The plaintiff further alleges that the defendants have refused to pay him for the performance of these medical services.
On April 11, 1995, Donahue filed an answer and a counterclaim. In the counterclaim, in which Donahue asserts an interpleader claim, Donahue alleges: that he is holding the disputed funds in his trust account; that he claims no interest in the funds; and that he will pay them over as directed by the court.
On April 27, 1995, the plaintiff filed an answer to the counterclaim. On June 28, 1995, the plaintiff moved to dismiss the counterclaim (#112) on the ground that Donahue, as the stakeholder, has incurred an independent liability to the plaintiff because he established a contractual relationship with the plaintiff. Donahue CT Page 12556-W has filed a memorandum in opposition.
The court denies the plaintiff's motion to dismiss on the following grounds. First, the plaintiff, in making the motion to dismiss, fails to assert a jurisdictional challenge to the interpleader claim. The plaintiff fails to argue that the court lacks personal and/or subject matter jurisdiction over Donahue's counterclaim. In trying to understand the plaintiff's motion, it appears that the plaintiff is attempting to argue that Donahue failed to allege one of the necessary elements of an interpleader claim, i.e., that he has no independent liability to either the plaintiff or the McKeons. See General Statutes § 52-484. The plaintiff's argument implicates the legal sufficiency of Donahue's claim, as opposed to the court's jurisdiction. A motion to dismiss is an improper motion to test the legal sufficiency of a pleading.
Finally, the court notes that the plaintiff's motion to dismiss was filed after the plaintiff filed an answer to the counterclaim. Thus, the plaintiff's motion to dismiss, which clearly is not premised upon lack of subject matter jurisdiction, is both untimely pursuant to Practice Book §§ 142 and 144, and out of sequence pursuant to Practice Book §§ 112 and 113.
Accordingly, the court denies the plaintiff's motion to dismiss.
LAWRENCE L. HAUSER, JUDGE